LYLE CURTIS v. ROY HUTCHINGSON, as Chief of Police of the City of Lakeland.

170 So. 136.
Division B.
Case No. 4.
Opinion Filed October 12, 1936.

*H. B. S. Hammond,* for Plaintiff in Error;
*Carver & Langston,* for Defendant in Error.

PER CURIAM.—In this case we review judgment of the Circuit Court remanding petitioner to custody of the Chief

of Police in habeas corpus proceedings wherein petitioner challenged the validity of that part of Section 6 of Ordinance No. 585 of the City of Lakeland which prohibited the operation of slot machines between the hours of twelve o'clock Noon and one o'clock afternoon.

What we said in the case of Curtis v. Hutchingson wherein Section 4 of Ordinance No. 579 prohibited the operation of slot machines at a place more than five feet above or three feet below the ground level at the entrance of the building in which it is located is applicable here. This provision of the ordinance on its face is unreasonable and, therefore, void. There can certainly be no more reason for prohibiting the operation of a slot machine between Twelve o'clock Noon and One o'clock afternoon than there would be to prohibit the operation between eleven o'clock A. M. and Twelve o'clock Noon, or during any other hour of the day, and if the municipality may by such provisions prohibit the operation of the machines between Twelve o'clock Noon and One o'clock afternoon, it can by the expedient of passing a few more such ordinances so break up the operation during the day as to make it impracticable, if not impossible, to operate the machines without violating the city ordinance and it is well settled that municipal ordinances cannot prohibit the conduct of business which has been legalized by the State and which the individual has the legal right to operate by complying with the law of the State in that regard. See State, ex rel. Baker, v. McCarthy, 122 Fla. 749, 166 Sou. 280.

Therefore, the judgment should be reversed and the cause remanded with directions that petitioner be discharged.

It is so ordered.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.