HORTON, Judge
(dissenting).
I respectfully dissent, from the majority decision.
The appellant, plaintiff below, brought an action for temporary injunction and other relief, alleging that it was a manufacturer, wholesaler and retailer of sparklers, and that by reason of ordinance No. 6021 of the City of Miami, adopted September 5, 1957, the appellant was unable to pursue the conduct of its business in the City of Miami. Appellant further alleged that the ordinance was an unlawful exercise of the police power of the appellee-City of Miami, and prayed the court for a temporary injunction restraining the City, its officers and agents from enforcing the said ordinance and to declare the same to be unconstitutional and void. The appellee answered the complaint, denying the material allegations and particularly denying that sparklers manufactured by the appellant were not dangerous or harmful or that ordinance No. 6021 was illegal or unconstitutional.
Upon a hearing before the chancellor, the court entered a final decree denying, injunctive relief and finding that ordinance No. 6021 enacted by the appellee, was not inconsistent with the general laws of Florida, and was a lawful and reasonable exercise of the police power of the appellee. This appeal is from that final decree.
As background for the appellant’s contention that ordinance No. 6021 is unconstitutional and void, and an unreasonable exercise of the police power of the appellee is the following: In 1941, the legislature of Florida enacted Chapter 20445 (§ 791, *19 Fla.Stat., F.S.A.) which defined fireworks to include any combustible or explosive composition, or any substance or combination thereof, or any article prepared for the purpose of producing a visible or audible effect by combustion, explosion, de-flagration or detonation, and excepted therefrom toy pistols, toy canes, toy guns or other devices containing 20/500’s grains or less of explosive compound. There existed also at the time § 168.10, Fla.Stat., F.S.A., which provided as follows:
“Any municipality in this state may prohibit by ordinance the sale within its limits of any such fireworks as may be deemed objectionable by the council of such municipality.”
The legislature of Florida, at its regular session in 1957, amended § 791.01 to specifically exclude sparklers from the definition of fireworks. This amendment became law on June 5, 1957. Subsequent thereto, and on September 5, 1957, the city commission of the City of Miami enacted ordinance No. 6021 as an emergency ordinance to prohibit the sale or possession of fireworks and defined fireworks in said ordinance to include sparklers.
The appellant contends that the inclusion of sparklers within the class of fireworks prohibited by ordinance No. 6021 is in derogation of and inconsistent with § 791.01(1) (2), Fla.Stat., F.S.A., as amended, and therefore, is unconstitutional and void. I agree with the appellant’s contention.
There is no question as to the right of the City of Miami, a municipal corporation, under the statutes and its police power, to regulate the sale and possession of fireworks within its corporate limits. However, after the passage of specific legislation upon the subject matter of fireworks by the legislature of Florida, the appellee was confined to the enactment of such ordinances as would not be inconsistent with the provisions of the specific state law upon the same subj ect matter.
The legislature specifically exempted sparklers from the definition of a prohibited class of fireworks, and having done so, a municipal corporation operating subservient to the constitution and laws of the state could not prohibit that which the legislature of the state had expressly authorized. This principle of law was enunciated in Ex parte Theisen, 30 Fla. 529, 11 So. 901, 905, in which the court said:
“Our decision in the case at bar rests upon the conclusion that the grant to municipal corporations to regulate and restrain will not permit the enactment of an ordinance under which arbitrary discrimination may be made in respect to matters which are exclusively under statutory control and regulation. In the absence of an express declaration of intention to that effect, it must not be assumed that the legislature proposed, by the grant of power to municipal corporations to regulate and restrain retail liquor dealing, to confer upon them the power to contravene and defeat state policy by ordinances inconsistent with the laws of the state on the subject.”
This principle has been further adhered to in the later case of Curtis v. Hutchingson, 125 Fla. 440, 170 So. 136, when the court said:
“ * * * and it is well settled that municipal ordinances cannot prohibit the conduct of business which has been legalized by the state and which the individual has the legal right to operate by complying with the law of the state in that regard. See State ex rel. Baker v. McCarthy, 122 Fla. 749, 166 So. 280.”
The appellee contends that it has the .right under its charter, as well as § 168.10, Fla.Stat., F.S.A., to enact the questioned ordinance. This contention would be ten-able if it were not for the specific provisions of the amended statute which excluded sparklers from the definition of fireworks and the prohibitions of the stat *20 ute. However, when the city attempted to go beyond and include in its ordinance a prohibition against the sale of sparklers, which had theretofore been exempted by state law, the ordinance became inconsistent with and contravened the legislative enactments upon the same subject matter and was thereby rendered void.
I would reverse the decree and remand the cause for further proceedings.